**REISSUED FOR PUBLICATION**
**AUGUST 22, 2019**
**OSM**
**U.S. COURT OF FEDERAL CLAIMS**

# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
Filed: July 5, 2019

```
* * * * * * * * * * * * *    *
KEITH FRANCO,                *    No. 19-684V
                             *
        Petitioner,          *    Special Master Sanders
                             *
v.                           *
                             *
SECRETARY OF HEALTH          *    Dismissal; Insufficient Proof; Shingles
AND HUMAN SERVICES,          *    Vaccine; Lower Extremity Weakness;
                             *    Ascending Paralysis
        Respondent.          *
* * * * * * * * * * * * *    *
```

*Keith Franco*, *Pro Se*, Atlanta, GA.
*Jay Mason All*, United States Department of Justice, Washington, D.C., for Respondent.

### DECISION[1]

On May 8, 2019, Keith Franco ("Petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program ("Vaccine Program").[2]  42 U.S.C. §§ 300aa-10 to 34 (2012).  Petitioner alleged that he suffered from lower extremity weakness and ascending paralysis as a result of the shingles vaccine he received on November 12, 2018.  Pet. at 1, ECF No. 1.  The information in the record, however, does not show entitlement to an award under the Program.

On July 2, 2019, Petitioner submitted a motion to voluntarily dismiss his petition.  ECF No. 9.  In his motion, Petitioner stated that he "voluntarily dismiss[es] all claims [he] ha[s] filed in this action."  *Id.*

---

[1] This decision shall be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)).  **This means the Decision will be available to anyone with access to the Internet.**  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be withheld from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99–660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

To receive compensation under the Program, Petitioner must prove either (1) that he suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that he suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A), 11(c)(1). An examination of the record did not uncover any evidence that Petitioner suffered a "Table Injury." Further, the record does not contain persuasive evidence that Petitioner's alleged injuries were caused by the shingles vaccine.

Under the Act, petitioners may not be given a Program award based solely on their claims alone. Rather, the petition must be supported by medical records or the opinion of a competent physician. § 13(a)(1). In this case, the medical records are insufficient to prove Petitioner's claim, and Petitioner has not filed a supportive opinion from an expert witness. Therefore, this case must be **dismissed for insufficient proof. The Clerk of Court shall enter judgment in accordance herewith.**

**IT IS SO ORDERED.**

Herbrina D. Sanders
Special Master